## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GINA COTICCHIO,                    CASE NO.:

Plaintiff,

v.

ST. PETERSBURG NURSING &
REHABILITATION LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, GINA COTICCHIO ("Ms. Coticchio" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from ST. PETERSBURG NURSING & REHABILITATION LLC ("SPNR" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

3. Defendant is a Florida limited liability company that is located in St. Petersburg, Pinellas County, Florida, and does business in Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Pinellas County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition or conditions as defined by the FMLA, necessitating

Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7.  Plaintiff worked for Defendant as a Nurse from December 11, 2022, until her discharge on February 5, 2024.

8.  Throughout much of 2023, Plaintiff was mistreated and harassed by SPNR's incompetent Director of Nursing, Tonya Jean-Batiste.

9.  In the fall of 2023, Ms. Coticchio experienced flareups of a serious health condition, specifically a knee injury which required knee replacement.

10. Ms. Coticchio scheduled her knee replacement surgery to take place on December 1, 2023.

11. Prior to December 1, 2023, Ms. Coticchio informed SPNR's Human Resources Department of the flareup of her serious health condition.

12. In response to Ms. Coticchio's disclosure, SPNR provided Ms. Coticchio FMLA paperwork.

13. Ms. Coticchio applied and was approved for a period of FMLA leave through February 5, 2024, in order to undergo and convalesce from replacement surgery on her right knee.

14. Shortly after February 5, 2024, Ms. Coticchio informed SPNR that she was reluctantly resigning from employment with SPNR.

15. No reasonable person would have done otherwise given the relentless abuse and harassment by Ms. Jean-Batiste and SPNR.

16. SPNR then attempted to retroactively declare that Ms. Coticchio had in fact somehow resigned as of November 30, 2023, which had been her last day on SPNR's premises.

17. This was of course nonsensical given that it was SPNR's own Human Resources Department who had provided Ms. Coticchio FMLA paperwork and given that Ms. Coticchio's FMLA leave through February 5, 2024, had been approved.

18. Significantly, SPNR had withdrawn insurance payments from Ms. Coticchio's pay in December of 2023, which is entirely at odds with any theory that Ms. Coticchio's employment ended on November 30, 2023.

19. SPNR's false statements in connection with Ms. Coticchio's application for FMLA leave constituted unlawful FMLA interference.

20. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Coticchio notifying SPNR of her serious health condition, and in retaliation for Ms. Coticchio utilizing or attempting to

utilize unpaid leave pursuant to the FMLA in order to treat and address same.

21. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

22. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

23. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

24. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's forced discharge of Plaintiff, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

25. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

26. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

27. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

**28.** Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

29.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by falsely stating that her employment ended prior to the commencement of the FMLA leave that Defendant itself had approved, by discharging Plaintiff because Plaintiff exercised and/or attempted to exercise her rights under the FMLA, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

33. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by mischaracterizing the nature, duration, and timeframe of her approved FMLA leave, and by discharging her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

39. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 27th day of October, 2025.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St., Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*